UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ERIC FERRIER,

       Plaintiff,

  -v-                                                No.  15 CV 3043-LTS-KNF

JAMES ATRIA and WELLS FARGO BANK,
N.A.,

       Defendants.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

Magistrate Judge Kevin Nathaniel Fox has submitted to this Court a Report and Recommendation ("Report") recommending that Defendant James Atria's Motion to Quash Service of Summons (the "Original Motion") be denied for failure to comply with Local Civil Rule 7.1(a).  (Dkt. entry no. 17.)  Atria filed an objection to the Report and has filed an Amended Motion to Quash Service of Summons (the "Amended Motion").  (Dkt. entry nos. 21 and 20.)

The Court has carefully reviewed the Report and the submissions of both parties, as well as the Amended Motion.  For the following reasons, the Court adopts the Report and denies the Original Motion.  Furthermore, the Court grants Atria's Amended Motion to Quash Service of Summons.  Finally, in accordance with Federal Rule of Civil Procedure 4, the Court grants Eric Ferrier ("Plaintiff"), proceeding <u>pro se</u>, until February 1, 2016 to effect proper service upon Atria.

<u>BACKGROUND</u>

On April 20, 2015, Plaintiff filed a Complaint asserting claims of copyright infringement against Atria and Wells Fargo Bank.  (Dkt. entry no. 1.)  Atria filed the Original

Motion on May 27, 2015, alleging "improper and ineffective" service of summons under Rule 4 of the Federal Rules of Civil Procedure.  (See dkt. entry no. 7.)  Atria states that the summons was served on an attorney, Stan Riskin, who represented Atria in past suits against Plaintiff, but who was not a proper agent for service in this case.  (Dkt. entry no. 7.)  This Court referred the Original Motion to Magistrate Judge Fox for a Report and Recommendation on June 26, 2015.  (Dkt. entry no. 16.)

Magistrate Judge Fox recommended that Atria's Original Motion be denied because Atria "did not submit a notice of motion, memorandum of law and supporting affidavits and exhibits," as required by Local Civil Rule 7.1(a).  (See dkt. entry no. 17, at 1.)  Atria filed an objection to the Report (the "Objection") and simultaneously filed the Amended Motion, asking this Court to excuse the procedural deficiencies in the Original Motion and to grant the Amended Motion.  (Dkt. entry nos. 19, 20, and 21.)

DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.S. § 636(b)(1)(C) (Lexis Nexis 2001).  The court must make a de novo determination when a party makes specific objections to a magistrate's findings.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  If, however, the objecting party makes only conclusory or general objections, or attempts to relitigate arguments raised before the magistrate, the Court will review the recommendation strictly for clear error.  See Pearson-Fraser v. Bell Atl., No. 01 CV. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).

In the instant case, the Objection admits procedural deficiencies in the Original Motion, stating that "Counsel makes no excuse for the failure to follow the procedural rule as to

form set forth in Local Rule 7.1(a), and apologizes to this Court for such failure . . . ." (Objection at 2.) Because the Objection does not challenge the Report's reasoning, which is not clearly erroneous, the Court adopts the Report and denies the Original Motion for substantially the reasons stated in the Report.

Atria has also submitted an Amended Motion that conforms to Local Civil Rule 7.1 and again requests that the Court quash Plaintiff's service of the summons, for substantially the same reasons as in his Original Motion, which was fully briefed by both parties. In the interest of judicial economy, the Court will address the merits of the Amended Motion.

Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served by "(A) delivering a copy of the summons and of the complaint to the individually personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4. An authorized agent is one with "actual authority" to accept service of process. Stone v. Bank of Commerce, 174 U.S. 412, 421 (1899). Thus, an attorney retained by a client "does not thereby become his client's agent authorized by appointment to receive service of process." United States v. Bosurgi, 343 F. Supp. 815, 817 (S.D.N.Y. 1972) (citation omitted); see also Schwarz v. Thomas, 222 F.2d 305, 308 (D.C. Cir. 1955). Authority to accept service of process cannot be conferred on an attorney merely by implication; it must be conferred explicitly. Schultz v. Schultz, 436 F.2d 635, 639 (7th Cir. 1971) (finding that even though the attorney served was defendant's attorney "in an unrelated action," this fact "furnishes no basis for the validation of the service of process on him as such").

In the instant case, the summons was served solely upon attorney Stan Riskin.

(Dkt. entry no. 20, Ex. A, at 6.)  The record makes clear that Mr. Riskin was not authorized by appointment to receive service of process on behalf of Atria.  Plaintiff's argument that Mr. Riskin is "responsible to arrange for forwarding" the summons and complaint to Atria is unavailing, as Plaintiff does not argue or allege that Mr. Riskin had actual authority to accept service of process.  (Dkt. entry no. 11, at ¶ 5.)  Therefore, under Federal Rule of Civil Procedure 4(e)(2), Plaintiff failed to serve effective process on Atria.  Atria's Amended Motion is therefore granted.

If a plaintiff fails to effectuate proper service within 90 days after the complaint is filed, the court must "dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If the plaintiff shows good cause for failure to effectuate service, the court must extend the time for service.  Id.  If the plaintiff has not shown good cause for failure to effectuate service, the court can still "relieve a plaintiff of the consequences of an application of this subdivision . . . ."  Fed. R. Civ. P. 4(m) 1993 advisory committee's notes; see Castro v. City of New York, No. 05 CV. 593, 2007 WL 3071857, at *5 (S.D.N.Y. Oct. 10, 2007), report and recommendation adopted, No. 05 CV. 0593, 2007 WL 3224748 (S.D.N.Y. Nov. 1, 2007) (excusing pro se plaintiff's delay in serving process on the defendants, even though plaintiff failed to provide any good cause reason for failure to serve defendants).

Plaintiff is proceeding pro se.  In the interest of judicial economy and in accordance with Fed. R. Civ. P. 4, the Court will extend the time allowed for Plaintiff to effectuate service of process on Atria until February 1, 2016.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and, for the reasons stated

therein, denies the Original Motion.  Atria's Amended Motion to Quash Service of Summons is granted.  The deadline for Plaintiff to effectuate service of process on Atria will be extended until February 1, 2016.  This Memorandum Opinion and Order resolves docket entry numbers 17, 19, and 21.

This case remains referred to Judge Fox for general pretrial management.

SO ORDERED.

Dated: New York, New York
December 14, 2015

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:

Mr. Eric Ferrier
178 Columbus Ave #237002
New York, NY 10023